IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY JOHNNY ALCALA, J-17745,            )<br>                                                                 )<br>                    Petitioner,                          )<br>                                                                 )<br>        vs.                                                     )<br>                                                                 )<br>GREG LEWIS, Warden,                           )<br>                                                                 )<br>                    Respondent.                      )<br>_____ ) | No. C 11-2643 CRB (PR)<br><br>ORDER TO SHOW CAUSE<br><br>(Docket # 2) |

Petitioner, a state prisoner incarcerated at Pelican Bay State Prison, was validated as a prison gang associate prior to January 25, 2010 and placed in a Security Housing Unit (SHU). Effective January 25, 2010, an amendment to California Penal Code section 2933.6 denies conduct credits to prisoners, like petitioner, who are validated gang members or associates placed in a SHU. Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254 to regain his conduct credits after the state courts denied him relief. (The Supreme Court of California denied his final petition for a writ of habeas corpus on March 30, 2011.) Petitioner also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

## DISCUSSION

A.     Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.     Claims

Petitioner seeks federal habeas corpus relief under § 2254 on the grounds that the application of the amended statute to him violated the Due Process and Ex Post Facto Clauses of the Constitution. Among other things, petitioner claims that the application of the amended statute to him undermines the plea agreement under which he was imprisoned, and changes the legal consequences of his gang validation and SHU placement to his disadvantage. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).[1]

/

/

/

---

[1] But see In re Sampson, No. A130582, 2011 WL 3273147, at *5 (Cal. Ct. App. July 28, 2011) (amendment to section 2933.6 denying conduct credits to validated gang members or associates housed in SHU applies prospectively only to inmates who continue to demonstrate active gang affiliation after January 25, 2010 and therefore does not violate prohibition against ex post facto laws).

2

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (docket # 2) is GRANTED.

2. The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

/

1         5.     Petitioner is reminded that all communications with the court must
2 be served on respondent by mailing a true copy of the document to respondent's
3 counsel. Petitioner must also keep the court and all parties informed of any
4 change of address.
5 SO ORDERED.
6 DATED: August 11, 2011

                              CHARLES R. BREYER
                              United States District Judge

G:\PRO-SE\CRB\HC.11\Alcala, R1.osc.wpd

4